IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PETER KOSTYSHYN,<br><br>    Debtor. | ) <br>) Chapter 13<br>) <br>) Br. No. 10-10595 (BLS)<br>) <br>) |
| PETER KOSTYSHYN,<br><br>    Appellant,<br>v.<br><br>MICHAEL B. JOSEPH, CHAPTER 13<br>TRUSTEE,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) Civ. No. 10-615-SLR<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of February, 2011, having reviewed the appeal filed by Peter Kostyshyn ("Kostyshyn"), and the papers filed in connection therewith;

IT IS ORDERED that the appeal is denied. The decision of the bankruptcy court entered on April 28, 2010 is affirmed for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its

application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a *de novo* basis bankruptcy court opinions. *See In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background**. On February 25, 2010, Kostyshyn filed, pro se, a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Action").[1] On March 31, 2010, Michael B. Joseph, Esquire (the "Trustee"), the Chapter 13 Trustee, filed a motion to dismiss Kostyshyn's case. The Trustee sought dismissal on the grounds that Kostyshyn's serial bankruptcy filings were abusive and indicated a lack of good faith in properly seeking Chapter 13 relief. In addition, the Trustee noted that Kostyshyn listed only two creditors and that only state law issues were involved. Kostyshyn opposed the motion. (Bankruptcy Action, D.I. 26, 33)

---

[1] Kostyshyn filed for bankruptcy relief on five other occasions: (1) Chapter 13, No. 02-11541 (JKF), filed on May 29, 2002, dismissed on August 18, 2003, following a final account by the trustee; (2) Chapter 13, No. 07-10798 (BLS), filed on June 11, 2007, dismissed on June 28, 2007 finding Kostyshyn ineligible to file bankruptcy; (3) Chapter 13, No. 07-11305 (BLS), filed on September 10, 2007, dismissed on October 5, 2007; (4) Chapter 13, No. 07-11691 (BLS), filed on November 9, 2007, dismissed on January 31, 2008. In the dismissal order, Kostyshyn was found ineligible to file bankruptcy and he was banned from filing additional bankruptcy cases for two years; and (5) Chapter 7, No. 07-13964 (BLS), filed on November 9, 2009, dismissed on November 9, 2009. In the dismissal order, Kostyshyn was banned from filing additional bankruptcy cases for two years.

3. The bankruptcy court held a hearing on April 27, 2010. Following the hearing, the bankruptcy court granted the motion, dismissed the petition with prejudice, and barred Kostyshyn from filing for bankruptcy relief for two years from the date of the order. (Bankruptcy Action, D.I. 37) Kostyshyn sought reconsideration and a hearing was held on June 29, 2010. (*Id.* at D.I. 45, 66) In denying the motion for reconsideration, the bankruptcy court took note that Kostyshyn was afforded the opportunity to address the court at length, and found that the order was based upon substantial evidence and was otherwise well-founded. (*Id.* at D.I. 66)

4. Kostyshyn appealed the bankruptcy court's order on July 20, 2010. (D.I. 1) He states that did not receive a written order stating the legal basis for dismissal. The court set a briefing schedule but, despite granting Kostyshyn two extensions of time to submit a brief, he failed to do so.[2] (*See* D.I. 10, 14, 17, 19, 20) The Trustee filed his brief on November 29, 2010. (D.I. 15)

5. **Discussion**. The bankruptcy court has the power to dismiss a Chapter 13 claim with prejudice pursuant to 11 U.S.C. § 1307(c) of the United States Bankruptcy Code. While the dismissal order does not refer to said statute, it explicitly dismisses the petition with prejudice. Section 1307(c) sets forth a nonexhaustive list of grounds upon which a bankruptcy court may dismiss a Chapter 13 case for "cause," and a bankruptcy filing made in bad faith may be dismissed "for cause" although said section does not explicitly mention the good faith requirement. *See* 11 U.S.C. § 1307(c); *In re Lilley*, 91 F.3d 491, 494 (3d Cir. 1995). The determination is better left to the discretion of the

---

[2]The last extension gave Kostyshyn until February 7, 2011 to file a brief. (*See* D.I. 20)

bankruptcy court and is determined through review of the "totality of the circumstances." *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007); *In re Dami,* 172 B.R. 6, 10 (Bankr. E.D. Pa. 1988). The bankruptcy court may consider a wide range of factors, including, "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *In re Myers*, 491 F.3d at 125.

6. A debtor's history of filings and dismissals may be evidence of bad faith. *In re Dami,* 172 B.R. at 10 (citing *In re Oglesby,* 158 B.R. 602 (E.D. Pa.), on remand, 161 B.R. 917 (Bankr. E.D. Pa. 1993)); see also *Matter of Elmwood Dev. Co.*, 964 F.2d 508, 511-12 (5th Cir. 1992) (a repeat filing is generally viewed to be in "bad faith" when there are successive reorganization bankruptcy filings without any material changes in circumstances). In addition, bad faith exists when a debtor lacks a sincere desire to pay back his debts. *See Lucabaugh v. I.R.S.*, Civ. No. 01-2254, 2001 WL 997416, at *3 (E.D. Pa. June 26, 2001) (citing *In re Narod*, 138 B.R. 478 (E.D. Pa. 1992).

7. Although the Bankruptcy Code does not contain any express limitation on refiling a bankruptcy case after another is dismissed, many courts have recognized that it is inappropriate for a debtor to file another bankruptcy reorganization case (under chapters 11, 12 or 13) after dismissal of an earlier one for non-performance, unless there has been a material change of circumstances which demonstrates that the second (or later) reorganization attempt now has a possibility of success after the first had failed. *See Haines v. Miller*, Civ. No. 03-5546, 2004 WL 1987218, at *3 (E.D. Pa. Aug.

16, 2004); see generally In re Snyder, 293 F. App'x 140 (3d Cir. 2008) (not published); Matter of Elmwood Dev. Co., 964 F.2d 508 (5th Cir.1992); In re Chisum, 847 F.2d 597 (9th Cir. 1988); In re Johnson, 708 F.2d 865 (2d Cir.1983); In re Oglesby, 158 B.R. 602, 606 (Bankr. E.D. Pa.1993) ("A genuine change in circumstances may justify a debtor's multiple filings").

8. A review of the record warrants a finding that did Kostyshyn did not act in good faith. He filed numerous bankruptcy petitions in rapid succession despite dismissals finding him ineligible to file for bankruptcy. His most recent bankruptcy petition was filed on February 25, 2010, in derogation of a two-year banning order entered on November 9, 2009. Finally, plaintiff's representations to the bankruptcy court, that he owed no monies to any party and did not provide a plan for payment to any creditors, indicate his lack of desire to satisfy his debts.

9. **Conclusion**. For the above reasons, the court affirms the bankruptcy court's decision and finds no reason to reverse the bankruptcy court's April 28, 2010 dismissal of the action.[3]

                                                                            _____
UNITED STATES DISTRICT JUDGE

---

[3] In light of the conclusions outlines above, the court declines to determine whether Kostyshyn complied with Bankruptcy Rules 8006 or 8009.