IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 13 |
| PETER KOSTYSHYN, | ) |
| | ) Br. No. 10-10595 (BLS) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Appellant, | ) |
| v. | ) Civ. No. 10-615-SLR |
| | ) |
| MICHAEL B. JOSEPH, CHAPTER 13 | ) |
| TRUSTEE, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM ORDER**

At Wilmington this ~~*4th*~~ day of *August* , 2013, having considered appellant's

emergency injunction motion (D.I. 27);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background**. On February 25, 2010, Peter Kostyshyn ("Kostyshyn"),

proceeding pro se, filed a voluntary petition under chapter 13 of the bankruptcy code in

the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy

Action").[1]  On March 31, 2010, Michael B. Joseph, Esquire (the "Trustee"), the Chapter

---

[1]Kostyshyn filed for bankruptcy relief on five other occasions: (1) Chapter 13,
No. 02-11541 (JKF), filed on May 29, 2002, dismissed on August 18, 2003, following a
final account by the trustee; (2) Chapter 13, No. 07-10798 (BLS), filed on June 11,
2007, dismissed on June 28, 2007 finding Kostyshyn ineligible to file bankruptcy; (3)
Chapter 13, No. 07-11305 (BLS), filed on September 10, 2007, dismissed on October 5,
2007; (4) Chapter 13, No. 07-11691 (BLS), filed on November 9, 2007, dismissed on
January 31, 2008.  In the dismissal order, Kostyshyn was found ineligible to file
bankruptcy and he was banned from filing additional bankruptcy cases for two years;

13 Trustee filed a motion to dismiss Kostyshyn's case. The Trustee sought dismissal on the grounds that Kostyshyn's serial bankruptcy filings were abusive and indicated a lack of good faith in properly seeking Chapter 13 relief. In addition, the Trustee noted that Kostyshyn listed only two creditors and that only state law issues were involved. Kostyshyn opposed the motion. (Bankruptcy Action, D.I. 26, 33)

2. The bankruptcy court held a hearing on April 27, 2010. Following the hearing, the bankruptcy court granted the motion, dismissed the petition with prejudice, and barred Kostyshyn from filing for bankruptcy relief for two years from the date of the order. (Bankruptcy Action, D.I. 37) Kostyshyn sought reconsideration and a hearing was held on June 29, 2010. (*Id.* at D.I. 45, 66) In denying the motion for reconsideration, the bankruptcy court took note that Kostyshyn was afforded the opportunity to address the court at length, and found that the order was based upon substantial evidence and was otherwise well-founded. (*Id.* at D.I. 66) Kostyshyn appealed the bankruptcy court's order to this court on July 20, 2010. (D.I. 1) On February 25, 2011, the court affirmed the bankruptcy court's decision and found no reason to reverse the bankruptcy court's April 28, 2010 dismissal of the action. (D.I. 24) Kostyshyn did not appeal the February 24, 2011 order, and the bankruptcy court closed its case on March 23, 2011. A review of the Public Access to Court Electronic Records ("PACER") database, reveals no pending bankruptcy cases filed on behalf of Kostyshyn in the United States Bankruptcy Court for the District of Delaware, although Kostyshyn

---

and (5) Chapter 7, No. 07-13964 (BLS), filed on November 9, 2009, dismissed on November 9, 2009. In the dismissal order, Kostyshyn was banned from filing additional bankruptcy cases for two years.

2

indicates in the pending motion that he recently filed a new bankruptcy filing. (D.I. 27 at 2)

3. On July 30, 2013, Kostyshyn filed the instant emergency injunction motion to stay August 2013 sheriff's sales in New Castle County, Delaware, Case Nos. CAN13J01723 and CAN13J01724. Kostyshyn indicates that there may be more cases. He asks the court to: (1) reopen the bankruptcy appeal "for fraud perpetrated by parties involved and deceit and lies made during a bankruptcy hearing" and "misrepresentation"; (2) issue a briefing schedule or remand the case to the bankruptcy court for a fact finding hearing; (3) provide notice to the parties of his motion; (4) provide him the correct address of government officials and entities; and (5) order a hearing in the bankruptcy court to acknowledge, accept, and act upon Kostyshyn's new bankruptcy filing.

4. **Discussion**. The motion is untimely. The bankruptcy case is closed and the appeal was concluded over two years ago. Therefore, the court declines to reopen the matter or to consider the request for injunctive relief.

5. In addition, based upon Kostyshyn's filing, it appears that there are actions pending in State court that Kostyshyn wishes this court to enjoin. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[2] *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending

---

[2]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

3

state proceedings absent extraordinary circumstances.[3] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

6. The *Younger* elements have been met and none of the its exceptions apply. It appears that there are on-going state proceedings for the foreclosure of real property. Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where

---

[3]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

4

plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, plaintiff has an adequate opportunity to raise any potential fraud claims in State court. Accordingly, pursuant to *Younger* and its progeny, the court must abstain. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

7. **Conclusion**. For the above reasons, the court denies Kostyshyn's emergency injunction motion. (D.I. 27)

UNITED STATES DISTRICT JUDGE

5