IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 13 |
| PETER KOSTYSHYN, | ) |
| | ) Br. No. 10-10595 (BLS) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| PETER KOSTYSHYN, | ) |
| | ) |
| Appellant, | ) |
| v. | ) Civ. No. 10-615-SLR |
| | ) |
| MICHAEL B. JOSEPH, CHAPTER 13 | ) |
| TRUSTEE, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM ORDER

At Wilmington this 5‑ day of September, 2013, having considered appellant's

motion to stay and to reopen case and second motion for reconsideration (D.I. 29, 30);

IT IS ORDERED that the motions are **denied**, for the reasons that follow:

1. **Background**. On February 25, 2010, Peter Kostyshyn ("Kostyshyn"),

proceeding pro se, filed a voluntary petition under chapter 13 of the bankruptcy code in

the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy

Action").[1] On March 31, 2010, Michael B. Joseph, Esquire (the "Trustee"), the Chapter

---

[1]Kostyshyn filed for bankruptcy relief on five other occasions: (1) Chapter 13, No. 02-11541 (JKF), filed on May 29, 2002, dismissed on August 18, 2003, following a final account by the trustee; (2) Chapter 13, No. 07-10798 (BLS), filed on June 11, 2007, dismissed on June 28, 2007 finding Kostyshyn ineligible to file bankruptcy; (3) Chapter 13, No. 07-11305 (BLS), filed on September 10, 2007, dismissed on October 5, 2007; (4) Chapter 13, No. 07-11691 (BLS), filed on November 9, 2007, dismissed on January 31, 2008. In the dismissal order, Kostyshyn was found ineligible to file bankruptcy and he was banned from filing additional bankruptcy cases for two years;

13 Trustee filed a motion to dismiss Kostyshyn's case. The Trustee sought dismissal on the grounds that Kostyshyn's serial bankruptcy filings were abusive and indicated a lack of good faith in properly seeking Chapter 13 relief. In addition, the Trustee noted that Kostyshyn listed only two creditors and that only state law issues were involved. Kostyshyn opposed the motion. (Bankruptcy Action, D.I. 26, 33)

2. The bankruptcy court held a hearing on April 27, 2010. Following the hearing, the bankruptcy court granted the motion, dismissed the petition with prejudice, and barred Kostyshyn from filing for bankruptcy relief for two years from the date of the order. (Bankruptcy Action, D.I. 37) Kostyshyn sought reconsideration and a hearing was held on June 29, 2010. (*Id.* at D.I. 45, 66) In denying the motion for reconsideration, the bankruptcy court took note that Kostyshyn was afforded the opportunity to address the court at length, and found that the order was based upon substantial evidence and was otherwise well-founded. (*Id.* at D.I. 66) Kostyshyn appealed the bankruptcy court's order to this court on July 20, 2010. (D.I. 1) On February 25, 2011, the court affirmed the bankruptcy court's decision and found no reason to reverse the bankruptcy court's April 28, 2010 dismissal of the action. (D.I. 24) Kostyshyn did not appeal the February 24, 2011 order, and the bankruptcy court closed its case on March 23, 2011. A review of the Public Access to Court Electronic Records ("PACER") database, reveals no pending bankruptcy cases filed on behalf of Kostyshyn in the United States Bankruptcy Court for the District of Delaware, although Kostyshyn

---

and (5) Chapter 7, No. 07-13964 (BLS), filed on November 9, 2009, dismissed on November 9, 2009. In the dismissal order, Kostyshyn was banned from filing additional bankruptcy cases for two years.

indicates in the pending motion that he recently filed a new bankruptcy filing. (D.I. 27 at 2)

3. On July 30, 2013, Kostyshyn filed two emergency injunction motions to stay August 2013 sheriff's sales in New Castle County, Delaware, Case Nos. CAN13J01723 and CAN13J01724 and to reopen the bankruptcy appeal. The court denied the first emergency motion, found at docket item 27, on August 2, 2013. (See D.I. 28) The second, found at docket item 29, seeks similar relief, and it is **denied** as moot.

4. Kostyshyn also moves for reconsideration of the August 2, 2013 memorandum order. (See D.I. 28, 30) The motion is **denied**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the court's August 2, 2013 memorandum order.

5. **Conclusion**. For the above reasons, the court denies Kostyshyn's second emergency injunction motion (D.I. 27) and his motion for reconsideration (D.I. 30). Kostyshyn is placed on notice that future motions to reopen the bankruptcy appeal or

that raise issues concerning Sheriff's sale or property, including motions for injunctive relief, will be docketed but not considered.

UNITED STATES DISTRICT JUDGE

4